U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 1 4 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| TEDDY FINCHER, ET AL | CIVIL ACTION NO: 09-01351 |
| VERSUS | JUDGE DONALD E. WALTER |
| DONQUATIS L. WHITE, ET AL | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a Motion to Remand and Motion for Payment of Costs and Expenses [Rec. Doc. #8] filed by Plaintiffs, Teddy Fincher, et al.

This Court has reviewed the Opposition [Rec. Doc. #10][1] as well as the relevant case law on improper joinder of parties. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004). Both Plaintiffs and Louisiana Farm Bureau Casualty Insurance Co. ("Farm Bureau") are citizens of Louisiana. Ordinarily this fact would preclude jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity would be missing. *See Carden v. Arkoma Associates*, 110 S.Ct. 1015 (1990). However, Defendants contend that in assessing this Court's jurisdiction Farm Bureau's citizenship should not be considered in that it has been fraudulently/improperly joined.[2] If Farm Bureau was fraudulently/improperly joined then its presence will not bar this Court's jurisdiction. In addition, in that event it is not necessary to obtain Farm Bureau's consent to

---

[1] The Plaintiffs did not file a Reply to the Opposition to address the issues of improper joinder raised by the Defendants.

[2] For years the term "fraudulent joinder" was used. The Fifth Circuit now refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir.2005).

removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir.1993) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992)). One prerequisite to removal is that this Court must have original jurisdiction. 28 U.S.C. § 1441(a). Defendants rely on diversity jurisdiction pursuant to 28 U.S.C. § 1332 to satisfy this requirement. If removal is based on the claim that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir.2004) (*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, 544 U.S. 992, 125 S.Ct. 1825 (2005) (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir.2003)). There is no alleged fraud in this case. Accordingly, our focus is the second basis for improper joinder. *See Travis, supra.*

The focus of this Court's inquiry is on the joinder of the forum state citizen, not on the merits of Plaintiffs' case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing Defendants have demonstrated that Plaintiffs have "no possibility of recovery" against the in-state/non-diverse defendant; i.e. that there is "no reasonable basis" for the district court to predict that the Plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

This Court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the instate/non-diverse defendant under state law ( i.e. a FED. R CIV. P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that

would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if a plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiffs recovery against the in-state defendant." *Id.* at 573-74.[3] The motive or purpose for the joinder of the in-state defendant is irrelevant to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

*Failure to Join*

State Farm did not join in the this removal. Ordinarily this would be a ground to remand an action. In support of this argument, the Plaintiffs point to this Court's decision in *S & S Investments v. Petrohawk*, 2009 WL 152273 (June 3, 2009 W.D. La.). *S & S Investments* is distinguishable from the case at hand. In that case, both defendants were diverse from the plaintiff. Secondly, there was no assertion of improper joinder as is the case here. According to the Fifth Circuit "a removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)). As such if State Farm is considered to have been improperly joined, then their lack of consent is irrelevant.

*Claims Against State Farm*

Plaintiffs contend that they have valid claims pending against State Farm for

---

[3]In other words, facts that can be easily disproved if not true. *Id.*

uninsured/underinsured motorist coverage and medical payments:

**Uninsured/Underinsured Motorist Coverage**

When Plaintiffs purchased their insurance they executed a waiver of uninsured/underinsured motorist coverage. Plaintiffs contend that this waiver is invalid. Recently, the Louisiana Supreme Court determined what was necessary for a valid waiver of uninsured/underinsured motorist coverage. The court stated for a waiver to be valid it must comply with six requirements:

> (1) initialing the selection or rejection of coverage chosen; (2) if limits lower than the policy limits are chosen (available in options 2 and 4), then filling in the amount of coverage selected for each person and each accident; (3) printing the name of the named insured or legal representative; (4) signing the name of the named insured or legal representative; (5) filling in the policy number; and (6) filling in the date.

*Duncan v. U.S.A.A. Ins. Co.*, 950 So.2d 544, 551 (La. 2006). Turning to Exhibit 1 of the Plaintiffs' Motion to Remand [Rec. Doc. #8] and the waiver attached, it appears to comply with all of the requirements and would be upheld in a Louisiana court. As such, the Plaintiffs do not have a valid claim against State Farm for uninsured/underinsured motorist coverage.

**Medical Payments**

Plaintiffs further contend that they have not settled their medical payments claim with State Farm. According to their policy, they are entitled to a maximum payout of $5,000 for medical payments. State Farm has issued a check for the full $5,000. Plaintiffs do not dispute this amount. However, they have refused to cash the check stating that they are owed interest and penalties for State Farm's supposed delay in issuing the check. The Plaintiffs have not offered this Court any more than conclusory assertions. They have not pled this claim with an amended

complaint. State Farm has complied with its obligations. Judge Hicks in *Hunter v. Sirmans*, 2008 WL 4717067 (W.D. La. Aug. 15, 2008) faced a similar issue when a plaintiff refused to release an insurance company that had fulfilled the terms of its insurance policy. The court in that instance dismissed the claims against that insurance company. This Court is persuaded that State Farm has complied with its contractual obligations. Farm Bureau was improperly joined to defeat diversity jurisdiction and thus the Motion to Remand should be denied.

Upon due consideration, **IT IS ORDERED** that Plaintiffs' Motion to Remand their claims against Werner Enterprises, Inc. and ACE American Insurance Company [Rec. Doc. #8] is hereby **DENIED**, and Plaintiffs' Motion for Payment of Costs and Expenses [Rec. Doc. #8] is hereby **DENIED**. **IT IS FURTHER ORDERED** that Plaintiffs' claims against Louisiana Farm Bureau are **REMANDED** back to the Second Judicial District Court, Bienville Parish, State of Louisiana.

**THUS DONE AND SIGNED**, this 14 day of October, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE